IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CURTIS E. FARSTER,                          )
                                            )
            Plaintiff,                      )    Civil Action No. 2:22-cv-1667
                                            )
       v.                                   )    Magistrate Judge Maureen P. Kelly
                                            )
COMMISSIONER OF SOCIAL                      )
SECURITY,                                   )    Re: ECF Nos. 20 and 22
                                            )
            Defendant.                      )

**O R D E R**

Pending before the Court are the Motion for Summary Judgment and Brief in Support

thereof filed by Plaintiff Curtis E. Farster ("Plaintiff"), ECF Nos. 20 and 21, and the Motion for

Summary Judgment and Brief in Support thereof filed by the Commissioner of Social Security

("Commissioner"), ECF Nos. 22 and 23.  Plaintiff has also filed a Reply Brief.  ECF No. 24.

Plaintiff is appealing the final decision of the Commissioner denying his claim for disability

insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et

seq. The Commissioner argues that the decision should be affirmed.[1]

Upon consideration of the parties' filings, and after reviewing the Commissioner's

decision, the Court finds that the Commissioner's findings are supported by substantial evidence

and will affirm.   See 42 U.S.C. § 405(g); Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019);

---

[1]     Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed.  ECF No. 29.

1

Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs, 48 F.3d 114, 117 (3d Cir. 1995)

(citing Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988)).

## I.    BACKGROUND

Plaintiff protectively filed a claim for DIB effective August 28, 2020, claiming that he

became disabled on October 2, 2015.  AR at 15, 209-12.[2]  After being denied initially on January

19, 2021, and upon reconsideration on June 22, 2021, Plaintiff sought, and obtained, a telephone

hearing before an Administrative Law Judge ("ALJ") on November 30, 2021.  AR at 15, 39-75,

76-91, 93-112, 140-41.  In a decision dated December 14, 2021, the ALJ denied Plaintiff's

request for benefits, finding that he was able to perform his past relevant work as a project

manager.  AR at 15-34.   On September 22, 2022, the Appeals Council declined to review the

decision.  AR at 1-3.  Plaintiff filed an appeal with this Court, and the parties have filed cross-

motions for summary judgment.[3]

On appeal, Plaintiff raises a single issue, arguing that the ALJ erred by failing to include

in his assessment of Plaintiff's residual functional capacity ("RFC") limitations stemming from

his mental impairment.  Plaintiff contends that, although the ALJ found his anxiety to be non-

severe, the ALJ was still required to determine the impact of this non-severe impairment on his

---

[2]     The Court will refer to the Administrative Record, docketed at ECF No. 16, as "AR."

[3]     The Complaint in this matter was filed on November 22, 2022, ECF No. 1, but Plaintiff
did not effect service or otherwise take any action to prosecute the case at that time.  After
numerous attempts by the Court to verbally determine the status of the case, on August 14, 2024,
the Honorable Alan N. Bloch, then the presiding United States District Judge for the case, issued
an order to show cause why the case should not be dismissed for failure to prosecute.  ECF No.
4.  Plaintiff's counsel at the time responded that he was attempting to refer the case to a firm
specializing in social security law and requested 90 days to do so.  ECF No. 5.  The Court
granted the request, and on November 1, 2024, present counsel entered her appearance.  ECF
Nos. 6 and 7.  The Complaint was served, and the case has since proceeded in the normal course.

functionality. As discussed herein, the Court disagrees and finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

## II.    STANDARD OF REVIEW

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See 42 U.S.C. § 405(g); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence); Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). If the district court finds this to be so, it must uphold the Commissioner's final decision. See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process to guide ALJs in determining whether a claimant is under a disability as defined by the Social Security Act. See 20 C.F.R. § 404.1520. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity ("SGA"). If he or she is not engaging in such activity, at Step Two, the ALJ determines whether the claimant is suffering from a severe impairment. If so, the ALJ proceeds to Step Three to determine whether the claimant's impairment meets or equals the criteria for a listed impairment. If a claimant satisfies a listing, a finding of disability is automatically directed. If the claimant does not satisfy a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's RFC, which is defined as the most that an individual is still able to do despite the limitations caused by his or her

impairments.   See Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001); 20 C.F.R. §

404.1545(a)(1).    At Step Four, it is the claimant's burden of demonstrating an inability to

perform his or her past relevant work.  If the ALJ determines that the claimant lacks the RFC to

resume his or her former occupation, the evaluation then moves to Step Five.  At this stage, the

burden of production shifts to the Commissioner, who must demonstrate that the claimant is

capable of performing other available work in the national economy in order to deny a claim of

disability.

## III.    DISCUSSION

Here, the ALJ determined that Plaintiff was not disabled after applying the five-step

process.  The ALJ preliminarily found that Plaintiff met the insured requirements to qualify for

DIB through June 30, 2021.  AR at 17.  He then determined that Plaintiff had not engaged in

SGA from the alleged onset date of October 2, 2015, to his date last insured.  Id.  He found that

Plaintiff suffered from several severe impairments, including lumbar degenerative disc disease

status post compression fractures of the thoracic spine, diabetes status post amputation of the left

second toe, recurrent foot ulceration, and obesity, none of which met or equaled a listing.  AR at

17-21.   The ALJ found Plaintiff's alleged mental impairment of anxiety to be non-severe

because, considered singly and in combination, it did not cause more than minimal limitation in

his ability to perform basic mental work activities.  AR at 19-20.  The ALJ proceeded to

determine Plaintiff's RFC, restricting Plaintiff to a limited range of sedentary work[4] with

additional postural and environmental restrictions.[5]  The RFC did not include any restrictions

---

[4]      Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  See 20 C.F.R. § 404.1567(a).

[5]      Plaintiff does not challenge any of the ALJ's findings regarding his physical functioning.

based on Plaintiff's anxiety.  AR at 21.  Based on that RFC, the ALJ found that Plaintiff was not disabled because he was able to perform his past relevant work as a project manager.  AR at 21-34.

As noted, Plaintiff raises a single issue on appeal – that the ALJ erred by failing to consider his non-severe mental impairment in assessing the appropriate RFC.  ECF No. 21.  For the following reasons, the Court disagrees.

The ALJ acknowledged Plaintiff's alleged anxiety but found it not to be a severe impairment at Step Two of the SSA's sequential analysis.  AR at 19-20.  In so doing, the ALJ, as required by the SSA's regulations, applied the "special technique" and considered the four broad categories identified in Listing 12.00C in rating Plaintiff's degree of functional limitation from his mental impairments – (1) understanding, remembering, and applying information; (2) interacting with others; (3) concentrating, persisting, and maintaining pace; and (4) adapting and managing himself – to determine the severity of the mental impairment.  See 20 C.F.R. § 404.1520a.  See also Maddaloni v. Comm'r of Soc. Sec., 340 F. App'x 800, 802 (3d Cir. 2009).  He found that Plaintiff suffered mild limitations in regard to categories (3) and (4) and no limitations as to categories (1) and (2).  AR at 19-20.

Plaintiff does not challenge the ALJ's finding at Step Two that his anxiety was non-severe.[6]  Upon review, the Court agrees with the ALJ's thorough Step Two discussion, in which he found that Plaintiff had no worse than mild limitation in any area of mental functioning.  AR at 19-20.  Nonetheless, Plaintiff argues – correctly – that in assessing a claimant's RFC, an ALJ

---

[6]      Of note, at the hearing before the ALJ, Plaintiff was asked about his anxiety.  He admitted that the "main issue is the physical problems.  Anxiety comes and goes.  We've tried a couple medications, but I had some side effect reactions to those."  AR at 65.  The ALJ then asked if Plaintiff was receiving any mental health treatment, and Plaintiff replied, "No, not currently."  Id. at 65-66.

"must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). See also 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5.

Plaintiff asserts that the ALJ failed to properly consider his non-severe mental impairment in formulating the RFC because he neither included any mental restrictions in the RFC nor explained why he declined to do so. ECF No. 21. He argues that although "[t]he ALJ offered some assurances that the mental impairments were considered at step four," these "conclusory statements" were not sufficient to demonstrate that he did, in fact, consider Plaintiff's anxiety in formulating the RFC. He cites a number of cases to support the proposition that "such 'passing reference' to Plaintiff's mental limitations, even if found mild and non-severe, is insufficient when determining a plaintiff's RFC." Maria A. v. Comm'r of Soc. Sec. Admin., Civ. No. 23-2484, 2024 WL 943466, at *6 (D.N.J. Mar. 5, 2024).

There are several problems with Plaintiff's argument. First, it fails to account for the United States Court of Appeals for the Third Circuit's admonition that an ALJ's decision must be "read as a whole." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) (holding that in articulating their analyses, ALJs are not beholden to any "particular language" or "particular format"). Plaintiff, at length, discusses the apparent failure of the ALJ to address Plaintiff's anxiety "at step four," ECF No. 21 at 12, but pays comparatively little attention to the extensive discussion of his anxiety in other parts of the decision. Reading the decision "as a whole" shows

that the ALJ did, in fact, consider Plaintiff's anxiety in crafting the RFC, ultimately determining that no specific restrictions were required to account for the non-severe impairment.

Not only did the ALJ discuss the entirety of Plaintiff's mental health records in finding Plaintiff's anxiety to be non-severe, he also found "highly persuasive" the opinion of state reviewing agent Arlene J. Rattan, Ph.D.  AR at 19-20.  Dr. Rattan had determined that Plaintiff had mild limitations in concentrating, persisting, and maintaining pace and in adapting and managing himself but identified no specific functional limitations caused by Plaintiff's anxiety. AR at 102.  By finding this opinion to be "highly persuasive," the ALJ appears to have adopted both aspects of Dr. Rattan's determination.

Moreover, despite Plaintiff's claims to the contrary, the "Step Four" portion of the ALJ's decision is not silent as to Plaintiff's mental impairment.  The ALJ acknowledged that Plaintiff's disability claim included his anxiety.  AR at 21.  He discussed the entirety of Plaintiff's very limited mental health treatment in reviewing and considering the medical evidence in formulating the RFC.  AR at 29-30.  He also emphasized that he considered "all symptoms" in rendering his RFC determination and that the RFC assessment "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis."  AR at 19, 21. Considering that the ALJ had just discussed Plaintiff's anxiety at length earlier in his decision and found it to be non-severe, it is unclear what further discussion would have been warranted.

In short, the ALJ thoroughly discussed the entirety of the sparse body of evidence relating to Plaintiff's mental health in explaining his findings.   Therefore, to the extent that Plaintiff asserts that the ALJ failed to adequately explain his consideration of Plaintiff's anxiety, the record shows otherwise.  See D.C. v. Comm'r of Soc. Sec., Civ. No. 20-2484, 2021 WL 1851830, at **5-6 (D.N.J. May 10, 2021) ("[A]n RFC assessment does not need to contain in-

depth analysis on mental impairments when the ALJ finds earlier in his opinion that a claimant's mental impairments are no greater than mild."). The ALJ's discussion here goes far beyond the "passing reference" found to be insufficient in the cases cited by Plaintiff.

The second problem with Plaintiff's argument is that there was no requirement that the ALJ include any specific restrictions in the RFC to account for Plaintiff's mild limitations in regard to his anxiety. See Hess v. Comm'r of Soc. Sec., 931 F.3d 198, 209 (3d Cir. 2019) (stating "no incantations are required at steps four and five simply because a particular finding has been made at steps two and three"). In other words, the ALJ was not compelled to add language to the RFC that would directly correlate to Plaintiff's mild limitations in concentrating, persisting, and maintaining pace and in adapting and managing himself. As noted, Dr. Rattan did not suggest any specific RFC restrictions to account for these limitations, AR at 102, nor did Plaintiff himself identify any when asked at the administrative hearing about his anxiety, AR at 65-66. In essence, the record does not contain evidence of any specific work-related limitations that would result from Plaintiff's mild limitations in regard to his anxiety.

This is consistent with the findings of other courts. For example, in Holley v. Comm'r of Soc. Sec., 590 F. App'x 167 (3d Cir. 2014), the Third Circuit found that the ALJ did not err by including no mental restrictions in the plaintiff's RFC where the ALJ had determined that the plaintiff had no more than mild limitations in her ability to do work-related activities as a result of her anxiety. Likewise, in Coyne v. Comm'r of Soc. Sec., Civ. No. 23-857, 2024 WL 3029138 (W.D. Pa. June 17, 2024), the district court held that a mild limitation in concentration at Step Two did not require a specific corresponding restriction in the RFC where the ALJ found that any deficiencies in concentration did not cause more than minimal limitations to the plaintiff's ability to work. See also Kelly v. Colvin, Civ. No. 13-1153, 2014 WL 4925089, at *1 n.1 (W.D.

Pa. Sept. 30, 2014); <u>Jennifer J. v. Bisignano</u>, Civ. No. 24-1863, 2025 WL 1435628, at \*\*6-7 (E.D. Pa. May 19, 2025); <u>D.C.</u>, 2021 WL 1851830, at \*6.

It is important to remember that the issue is not whether Plaintiff had been diagnosed with mental health conditions, but what functional limitations any such conditions caused. <u>See Walker v. Barnhart</u>, 172 F. App'x 423, 426 (3d Cir. 2006). The record reflects no such limitations and, in fact, Plaintiff himself does not suggest any specific restrictions, merely arguing that findings that he had mild limitation in the areas of mental functioning at Step Two necessitated the inclusion of some unidentified additional limitations in the RFC. However, an RFC assessment need only contain those functional limitations that are credibly supported by the record. <u>See Garrett v. Comm'r of Soc. Sec.</u>, 274 F. App'x 159, 163 (3d Cir. 2008). The ALJ here considered the minimal medical evidence, including Plaintiff's limited treatment and the lack of any significant mental health abnormalities in the examination findings, as well as Plaintiff's own testimony that his primary issues were physical rather than mental, in making his determination. AR at 20. Accordingly, substantial record evidence supports the ALJ's conclusion that Plaintiff's mental impairments warranted no additional specific restrictions in the RFC.

## IV.    CONCLUSION

Therefore, for all of the foregoing reasons, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports his decision. It will therefore affirm.

AND NOW, this 23rd day of June, 2026, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment, ECF No. 20, is DENIED and that Defendant's Motion for Summary Judgment, ECF No. 22, is GRANTED. The Commissioner's decision denying Plaintiff's claim for DIB under the Social Security Act is AFFIRMED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order, he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court.

BY THE COURT,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF